UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KARIAH ANDERSON,

Plaintiff,                                  CASE NO.: 3:23-cv-01231-HLA-PDB

vs.                                         **DEMAND FOR JURY TRIAL**

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
CONSOLIDATED RECOVERY GROUP, LLC,

Defendants.
_____/

**COMPLAINT**

COMES NOW Plaintiff, KARIAH ANDERSON, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and CONSOLIDATED RECOVERY GROUP, LLC, and alleges:

**I. PARTIES**

1. Plaintiff is a natural person, a resident of Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

2. Defendant Experian is an Ohio limited liability company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court.

3. At all times material Defendant EXPERIAN is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the

1

business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

4. Defendant TRANS UNION is an Delaware limited liability company with its principal place of business located at 555 WEST ADAMS STREET, CHICAGO, IL 60661 and is subject to the jurisdiction of this Court.

5. At all times material Defendant TRANS UNION is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

6. Defendant Consolidated Recovery Group, LLC is a debt collector based in Aiken, SC and is subject to the jurisdiction of this court.

7. Defendant Consolidated Recovery Group, LLC is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

## II. JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq*.

9. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

### III. FACTUAL ALLEGATIONS

10. On or about October 10, 2019, Plaintiff opened a Quickbooks account related to her small business with Intuit.

11. In 2020, she sold her business and closed her Quickbooks account as part of the transaction.

12. However, following the transfer of ownership of the small business, a debt relating to Quickbooks account charges appeared on her credit report in July 2022 under the debt collector Consolidated Recovery Group.

13. Following this notice on her credit report, Plaintiff began reaching out and disputing directly to Intuit's management, explaining her situation.

14. Following the transfer of her business in 2020, Plaintiff had **no debt or liability towards Intuit or Consolidated Recovery Group.**

15. Beginning March 2023, Plaintiff disputed the inaccurate account on her Experian and Trans Union reports.

16. From January 2023 through February 2024, Plaintiff sent multiple disputes to the credit bureaus, Experian and Trans Union, disputing the inaccurate account on her credit report and requesting that it be removed. ***See Exhibit A.***

17. After receiving these disputes, the bureaus did not update the balance, neither did Defendant CRG.

18. Plaintiff sent disputes to the credit bureaus, explaining that the CRG account was inaccurate ***See  Exhibit A.***

19. After receiving these disputes, upon information and belief, the credit bureau Defendants properly contacted the Defendant CRG, but failed to remove the account.

20. After receiving Plaintiff's disputes, Defendants failed to conduct a reasonable investigation of the accounts, resulting in a verification of the inaccurate information on Plaintiff's reports. ***See Exhibit B.***

21. Further, after receiving Plaintiff's disputes, Defendants had enough information available to them, based on the underlying previous disputes and documentation, to confirm that the account information was *not* verifiable. This inability to verify the balance, and yet still confirm it in "maximum accuracy" is a violation of the Fair Credit Reporting Act and the Plaintiff's rights regarding her consumer report.

## RESULTS OF DEFENDANTS' FAILURES

22. As of the date of this Complaint, both bureau Defendants have continued to improperly report the fraudulent account, damaging Plaintiff's credit score and affecting her ability to receive consumer credit.

23. When Plaintiff disputed the accounts, Defendants Experian and Trans Union were each required to perform a reinvestigation; however, the

4

Defendants did not properly reinvestigate the dispute on their own or through their collective communications and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

24. When Plaintiff disputed the account, Defendant CRG was required to perform a reinvestigation; however, Defendant CRG continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA, for years in complete disregard to the disputes and information provided by Plaintiff.

25. As a result of Defendants' credit reporting of the inaccurate account on Plaintiff's credit reports, Plaintiff's credit score was reduced.

26. Plaintiff retained undersigned counsel for purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

27. All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

### IV. CAUSES OF ACTION

**COUNT I**
**CLAIMS AGAINST DEFENDANT EXPERIAN**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681** ***et seq.***

28. Plaintiff incorporates Paragraph 1 – 27 above as fully stated herein.

29. Defendant Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

30. Defendant Experian willfully and/or negligently ignored the information provided to it by Plaintiff and the results of other previous dispute investigations.

31. Defendant Experian willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

32. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b).

33. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

34. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)(4).

35. Defendant Experian negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681(a)(4).

36. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)(5).

37. In response to the request for reinvestigation, Defendant Experian improperly verified the trade lines as correct, and refused to remove the

inaccurate information in the form of the account, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

38. Defendant Experian has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

39. As noted above, Experian failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's disputes and their attachments.

40. Defendant Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

41. Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Experian is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

42. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant EXPERIAN:

      a)     For actual damages;

      b)     For compensatory damages;

      c)     For statutory damages;

      d)     For attorney's fees and costs incurred in this action;

      e)     For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

      f)     For such other and further relief as the Court may deem just and proper.

## COUNT II
## CLAIMS AGAINST DEFENDANT TRANS UNION
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

43. Plaintiff incorporates Paragraph 1 – 27 above as fully stated herein.

44. Defendant Trans Union willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

45. Defendant Trans Union willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other inaccurate account investigations.

46. Defendant Trans Union willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report and the errors stated.

8

47. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e (b).

48. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

49. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

50. Defendant Trans Union negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

51. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

52. In response to the request for reinvestigation, Defendant Trans Union improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

53. Defendant Trans Union has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. *§§* 1681i.

54. As noted above, Trans Union failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's disputes.

55. Defendant Trans Union's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

56. Defendant Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant TRANS UNION:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For attorney's fees and costs incurred in this action;

e)   For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)   For such other and further relief as the Court may deem just and proper.

## COUNT III
## CLAIMS AGAINST DEFENDANT
## CONSOLIDATED RECOVERY GROUP, LLC
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq*.

57. Plaintiff incorporates Paragraph 1-27 above as if fully stated herein.

58. Defendant CRG has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

59. Specifically, CRG violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters, prior direct disputes, the documentation provided, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

60. Further, CRG violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

61. Following the reinvestigation and dispatch of direct notice to CRG, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

62. CRG's reinvestigation was not conducted in good faith.

63. CRG's reinvestigation was not conducted reasonably.

64. CRG's reinvestigation was not conducted using all information reasonably available to the Defendant.

65. CRG's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus.

66. CRG's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

67. Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

68. Defendant CRG had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to an account with Defendant.

69. Defendant CRG had **received multiple disputes from the bureaus** to find that this account was fraudulent. Defendant CRG **still reported the account balance as accurate.**

70. Despite having all the information available to it as the other credit bureaus, the Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A) and CRG is **still reporting this information.**

71. As a result of CRG's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

72. CRG's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

73. Plaintiff is entitled to recover costs and attorney fees from Defendant CRG in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

74. CRG's actions demonstrate an honest disregard for consumers and consumer law. Plaintiff will move for punitive damages following discovery of relevant information.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against CRG:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For attorney's fees and costs incurred in this action;

f) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## DESIGNATION OF LEAD COUNSEL

Max Story, Esquire, is Lead Counsel for this matter.

Respectfully submitted this 16th of April, 2024.

/s/ Max Story
MAX STORY, ESQ.
Florida Bar: 0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740

        328 2nd Avenue North, Suite 100
        Jacksonville Beach, FL  32250
        Phone: (904)372-4109
        Fax:  (904) 758-5333
        max@storylawgroup.com
        austin@storylawgroup.com
        lynette@storylawgroup.com
        Attorneys for Plaintiff